# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-3931

_____

| | | |
|---|---|---|
| Vernicesa F. Barnes, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the |
| McDonald's Corp., | * | Eastern District of Arkansas. |
| | * | |
| Appellee. | * | [UNPUBLISHED] |
| | * | |
| Nancy Ball, doing business as | * | |
| McDonald's NDK Corporation, | * | |
| | * | |
| Defendant. | * | |

_____

Submitted: June 14, 2000
Filed: August 9, 2000

_____

Before BOWMAN, FLOYD R. GIBSON,[1] and MORRIS SHEPPARD ARNOLD,
    Circuit Judges.

_____

PER CURIAM.

_____

[1]Complications from an automobile accident have prevented Judge Gibson from reviewing this opinion prior to its being filed.

Vernicesa Barnes appeals from the decision of the District Court[2] granting summary judgment to McDonald's Corporation on her claims for breach of contract and violation of the Arkansas Prize Promotion Act. Barnes's suit was brought when McDonald's refused to redeem a mis-cut prize stamp from a promotional game being conducted at participating McDonald's restaurants in 1998. Barnes received the stamp when she purchased hash browns from a McDonald's restaurant in Benton, Arkansas. Barnes contends that there remain in her case genuine issues of material fact, some of which she has been unable to develop because McDonald's failed to comply with all of her discovery requests, and so summary judgment was improper under Federal Rule of Civil Procedure 56.

We have reviewed the record and agree with the District Court that, based on facts in the record that are not disputed, McDonald's is entitled to judgment as a matter of law. Contrary to Barnes's assertion, McDonald's properly notified contestants of the rules of its game in accordance with the terms of the Arkansas Prize Promotion Act, so there was no violation of the Act. Further, those rules provided the terms of the contract between Barnes and McDonald's. Barnes did not comply with the rules of the game (that is, the terms of the contract) because she did not submit a valid winning ticket; therefore, she has no claim for breach of contract. To the extent that Barnes suggests she could identify genuine issues of material fact had McDonald's responded adequately to her discovery requests, she is not entitled to relief in this Court. As the District Court noted, she failed to invoke the powers of that court to compel the discovery she thought she needed, even though she had ample time and opportunity to do so.

The judgment of the District Court is affirmed.

---

[2]The Honorable William R. Wilson, United States District Judge for the Eastern District of Arkansas.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.